# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZA GARZON, <br><br> Plaintiff, <br><br> v. <br><br> ARROWMARK COLORADO HOLDINGS, LLC, d/b/a ARROWMARK PARTNERS, and FIRST NATIONAL ASSETS MANAGEMENT, LLC, <br><br> Defendants. | No. 16-cv-11525 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Susan E. Cox |

## MEMORANDUM IN SUPPORT OF
## ARROWMARK PARTNERS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Arrowmark Colorado Holdings, LLC, d/b/a Arrowmark Partners ("Arrowmark"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the claims brought against it by Plaintiff Eliza Garzon ("Plaintiff") with prejudice ("Amended Complaint"). Arrowmark does not belong in this case and should be dismissed as a party.

## BACKGROUND[1]

Plaintiff is a former employee of First National Assets Management, LLC ("First National"), which is located in Chicago, Illinois. (Am. Compl. ¶ 3). Plaintiff separately named Arrowmark, which is a Delaware limited liability company located in Denver, Colorado, as a Defendant. Arrowmark became the "majority owner" of First National in late 2015, as alleged in the Amended Complaint. (Am. Compl. ¶¶ 4, 6).

---

[1] For purposes of this Memorandum only, Arrowmark presents the allegations of the Amended Complaint without admitting them in any way and while reserving the right to subsequently challenge any or all of them.

CHICAGO/#3005208.3

In the Amended Complaint, Plaintiff alleges that she was harassed by a man named James Athanasopoulos starting in 2013. (Am. Comp. ¶ 17). Athanasopoulos was not an employee of First National or Arrowmark, but instead was a third-party "client" of First National. (*Id*). Plaintiff alleges that she complained to her supervisor at First National and to Mr. Athanasopoulos that Plaintiff found his comments unwelcome. (Am. Compl. ¶ 18). Plaintiff claims the harassment persisted, although she fails to identify when she complained or exactly what happened between that time and December 2015. (Am. Compl. ¶¶ 18-19).

In December 2015, Plaintiff alleges that Mr. Athanasopoulos touched her breasts with an umbrella. (Am. Compl. ¶ 19). Plaintiff complained to her supervisor at First National whom Plaintiff claims told her that Mr. Athanasopoulos would not be allowed in the new First National offices after the company moved in early 2016. (*Id*). In April 2016, Plaintiff alleges that Mr. Athanasopoulos was present at First National's offices and that, while there, he "looked" at her, which Plaintiff claims was "extremely distressing." (*Id*). Mr. Athanasopoulos did not speak to Plaintiff. (Am. Compl. ¶ 19). In response, Plaintiff complained to her supervisor at First National, who advised her to file a complaint with Jill Jepson, who was a human resources employee at Arrowmark who was also responsible for handling First National human resources matters. (Am. Compl. ¶ 20). Plaintiff sent one email to Ms. Jepson. (*Id*). This was Plaintiff's only communication with anyone from Arrowmark. Plaintiff does not allege that Mr. Athanasopoulos had any further contact with her in April 2016 or afterward.

Arrowmark now moves to dismiss the claims against it under Rule 12(b)(6), as the Amended Complaint does not sufficiently plead that Arrowmark was Plaintiff's employer within the meaning of Title VII.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor, *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763 (7th Cir. 2010), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**I.    The Complaint Fails to Plausibly Suggest That Arrowmark Was Plaintiff's Employer under Title VII**

Arrowmark is a separate corporate entity that was never Plaintiff's employer and, therefore, should be dismissed from this case. A employee can only sue a corporate entity that is his or her employer under Title VII. 42 U.S.C. § 2000e(f); *Knight v. Utd. Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). In the Amended Complaint, Plaintiff claims that Arrowmark is a "joint employer" under Title VII. As discussed below, Plaintiff fails to plead sufficient facts to make the showing that Arrowmark—the alleged majority equity holder of First National—was Plaintiff's employer.

The Seventh Circuit holds that a plaintiff can, "under certain limited circumstances," bring a claim against a defendant who is not the plaintiff's direct employer. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). In *Love*, the Seventh Circuit clarified that courts should look to the degree of control the purported employer exercises over the employee,

3

including the economic realities of the relationship. 779 F.3d at 702-03; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008). Five factors, derived from principles of agency law, are used as benchmarks: (1) the extent of the putative employer's control and supervision over the putative employee; (2) the kind of occupation and nature of skill required; (3) the putative employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment. *See Love*, 779 F.3d at 702 (citation omitted); *see also Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 361 (7th Cir. 2016).

The Amended Complaint fails to allege facts that meet the standard for joint employment or otherwise show that Arrowmark is a proper defendant in this Title VII action. Plaintiff never alleges that any employee of Arrowmark supervised or controlled her work for First National; nor that any employee of Arrowmark was involved in the alleged harassing activity (which by Plaintiff's own admission was perpetrated by a third party); nor that Arrowmark paid her wages or benefits or otherwise exercised control over the hiring and firing of First National employees. In the Amended Complaint, Plaintiff has provided only three factual allegations: (1) Arrowmark "[took] over the business" of First National and was the "majority owner", (2) Jill Jepson, an Arrowmark human resources employee, had responsibility for human resources matters related to First National, and (3) Plaintiff sent an email to Jill Jepson related to the alleged third-party harassment by Mr. Athanasopoulos. (Am. Compl. ¶¶ 6, 20). These allegations fail to plausibly demonstrate that Arrowmark—a business that is separately incorporated and located in Denver, Colorado—was Plaintiff's employer.

First, Plaintiff's allegation that Arrowmark became the majority owner and "took over" the business of First National does not make Arrowmark Plaintiff's employer. Many

4

shareholders, LLC members, and other equity investors own all or a portion of businesses without directly supervising and exercising control over the employees of the entity. Purchasing membership interests in or contributing capital to a business does not make the entity an employer under Title VII. *See Carver v. Sheriff of LaSalle Cty., Ill.*, 243 F.3d 379, 382 (7th Cir. 2001) ("the source of funds need not coincide with the identity of the employer . . . if [an] independent contractor adheres to corporate formalities when dealing with its own staff, it is a separate employer . . . "). Plaintiff's allegation that Arrowmark "controlled the day to day operations" of First National is a conclusory allegation that fails to plausibly allege that Arrowmark as a separate corporate entity actually exercised direct day-to-day control over Plaintiff or any other First National employee. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). As noted above, there is no specific allegation that Arrowmark or any of its employees supervised Plaintiff's work or that of any other First National employee.

Second, Plaintiff's allegation that Jill Jepson performed certain human resources functions for First National does not show that Arrowmark was Plaintiff's employer either. An allegation of overlapping staff performing administrative functions does not amount to joint employment. In *Tritsis v. Bankfinancial Corp.*, the plaintiff offered no facts beyond overlapping staff, including the Executive Vice President of Human Resources, as support for her claim of joint employment. 2016 WL 3551695, at *2 (N.D. Ill. June 30, 2016). Like *Tritsis*, Plaintiff fails to plead any element of control; the fact that an Arrowmark employee provided shared human resources services to First National is not enough. *Id.*, *see also, e.g.*, *Clifford v. Patterson Cos., Inc.*, No. 08 C 828, 2009 WL 3852447, at *9-10 (N.D. Ill. Nov. 18, 2009) (parent company not plaintiff's joint employer because it did not "exercise[] any control over [plaintiff's] daily activities or workload," despite the fact that the parent company issued the plaintiff's paychecks,

5

awarded him company stock, referred to him as an employee in the stock agreement, invited him to participate in a company plan, and advised him of confidentiality obligations).

Moreover, Plaintiff's allegation that she emailed Ms. Jepson related to her complaints about Mr. Athanasopoulos does not make Arrowmark her employer. For example, in *Shah v. Littelfuse Inc.,* the plaintiff alleged that: (i) the direct employer contacted the purported joint employer's branch manager regarding the harassment, (ii) he had contacted his own agent at the purported joint employer regarding the harassment, and (iii) the purported joint employer had told him the harassment would end. 2013 WL 1828926, at *4 (N.D. Ill. Apr. 29, 2013). Despite these alleged facts, the court granted the defendant's motion to dismiss the complaint and held that the plaintiff failed to show a joint employer relationship based on the complaint to the purported employer. Here, the Amended Complaint does not allege that Arrowmark had any involvement at all in the alleged harassment. Indeed, the alleged harasser was not even an employee of First National, let alone Arrowmark. Plaintiff's complaint to an employee of Arrowmark who was performing human resources services for First National does not make Arrowmark separately responsible as an employer under Title VII.

At bottom, the Amended Complaint fails to allege sufficient facts to plausibly show that Arrowmark so directly controlled Plaintiff's employment such that Arrowmark as a separate entity was her employer for Title VII purposes. The Amended Complaint includes only conclusory allegations related to Arrowmark's alleged control and no specific allegations that Arrowmark either directed or participated in the alleged harassment or exercised any control whatsoever over Plaintiff's job functions. Even drawing reasonable inferences from what little Plaintiff says Arrowmark did do, Plaintiff has not plausibly alleged that Arrowmark was her employer under Tilte VII.

6

**CONCLUSION**

The Complaint contains insufficient factual detail to show that Arrowmark should be a party to this case. For the foregoing reasons, the claims brought against Arrowmark should be dismissed with prejudice, and Arrowmark should be dismissed as a party to this case.

    Respectfully submitted,

    ARROWMARK COLORADO HOLDINGS,
    LLC, d/b/a ARROWMARK PARTNERS


    By:   /s/ Patrick W. Spangler
          One of Its Attorneys

Patrick W. Spangler
Jennifer B. Cook
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated: July 13, 2017

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing MEMORANDUM IN SUPPORT OF ARROWMARK PARTNERS' MOTION TO DISMISS THE AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Josh Friedman
>The Law Offices of Josh Friedman
>53 W. Jackson Blvd., Suite 1028
>Chicago, Illinois 60604
>josh@friedmanfirm.com

on July 13, 2017.

                                                /s/ Patrick W. Spangler