**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ELIZA GARZON,** | |
|         **Plaintiff,** | |
|         v. | **Case No. 16 C 11525** |
| **ARROWMARK COLORADO HOLDINGS, LLC, d/b/a ARROWMARK PARTNERS, and FIRST NATIONAL ASSETS MANAGEMENT, LLC,** | **Judge Harry D. Leinenweber** |
|         **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This is Plaintiff's third effort to keep Arrowmark in the case as a party defendant. After dismissing Arrowmark for the second time and denying leave to amend, the Court relented and granted a Motion to Reconsider, allowing Plaintiff to file this Second Amended Complaint. According to the latest effort, Plaintiff was employed by Defendant, First National Assets Management, LLC ("First National"), which is located in Chicago. She claims that the Defendant Arrowmark, which is located in Denver, Colorado, is her joint employer for purposes of liability under Title VII. She bases this claim on the following allegations: (1) Arrowmark is the majority owner of First National; (2) while attending a meeting at First National's office, she (and other First National employees) were

told that "Arrowmark had taken over the business of First National"; (3) Arrowmark's co-founder and principal, David Corkins ("Corkins"), had authority regarding First National's human resource decisions, including the power to terminate First National employees; (4) John Eisinger ("Eisinger"), a managing director of Arrowmark, became President and Chief Executive Officer of First National and assumed responsibility for day-to-day management and control of First National's operations and employees; (5) Eisinger reported directly to Corkins; (7) Eisinger represented himself to First National employees as a member of Arrowmark's senior management team; (8) Eisinger operated primarily from Arrowmark's Denver office; (9) Arrowmark employees were in regular communication with First National Employees and provided First National with "comprehensive financial analysis"; (10) Plaintiff and First National employees were advised that Jill Jepsen ("Jepsen"), an Arrowmark employee, was responsible for human resources at First National; (11) Plaintiff made her sex harassment complaint to Jepsen; and (12) First National's Chief Operating Officer, Olibia Stamatoglou, told Plaintiff that she would notify Jepsen of her sex harassment claim.

Beginning in 2013, Plaintiff was harassed in a severe, pervasive and unwelcome manner by James Athanasopoulos, a client of First National. Nothing was done to stop it and it continued

throughout her employment. Her supervisor advised her to file a formal complaint with Jepson, which she did by E-mail. No one from either Defendant responded to her complaint. Plaintiff filed this action as a result.

## II. **DISCUSSION**

Defendant has moved to dismiss, contending that Plaintiff has once again failed to allege sufficient facts to allow the Court to find that Arrowmark was Plaintiff's joint employer. *See Love v. J.P. Cullen & Sons, Inc.*, 779 F.3d 697, 705 (7th Cir. 2015) (affirming dismissal of Title VII claim where plaintiff failed to allege facts showing employer-employee relationship). *Love* teaches that courts should consider the economic realities of the relationship between the putative employer and the employee as established by the degree of control or supervision exercised. 779 F.3d at 705. In analyzing this issue, the *Love* court said that the so-called five factor *Knight* test was helpful. *Id.* at 701 (citing *Knight v. United Farm Bureau*, 950 F.2d 377, 380 (7th Cir. 1991)). These factors are: (1) the extent of the alleged employer's control and supervision of the employee; (2) the kind of occupation and the nature of the skilled required, and whether the skill was obtained on the job; (3) the employer's responsibility for the cost of operation; (4) the method and

form of compensation; and (5) the length of the job commitment. *Id.*

When analyzing this case under the above test and that of the economic realities, the Court finds that there are insufficient allegations to justify a finding that Arrowmark was a joint employer. Four of the five *Knight* factors are not covered at all in the Complaint. There are no allegations regarding the nature of First National's and Arrowmark's businesses or how they relate to one another. The Complaint also does not even state what work Plaintiff performs for First National. The Court does not know the nature of any skill required, what entity has responsibility for the cost of operating the business, or the method and form of compensation. The Court does not even know if Plaintiff was a contractual employee or one at-will. The only *Knight* factor that Plaintiff attempts to cover is control and supervision, and her sole allegation is that David Corkins, a principal for Arrowmark, had the power to terminate Plaintiff and other First National employees (a power which was not even implicated in this case as Plaintiff was not terminated). The allegation does not include any other supervisory duties or controls that Corkins has over First National employees. *Love* is on point. 779 F.3d at 705. In that case, the alleged "indirect employer" had the power to remove the plaintiff permanently without the consent of the

plaintiff's direct employer. *Id.* at 703. Nevertheless, the court said that he did not hire plaintiff, set his hours, and did not directly supervise him. *Id.* Therefore, he was not a *de facto* or indirect employer under Title VII. *Id.* at 706. Again, the most that can be determined from the allegations of the Complaint is that there is some integration of the two companies, which the Court already held, when it dismissed the First Amended Complaint, to be insufficient. *Garzon v. Arrowmark Colo. Holdings, LLC*, No. 16 C 11525, 2017 WL 6988659, at *3 (N.D. Ill. Dec. 20, 2017) (citing *NLRB v. W. Temp. Servs., Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987)). Plaintiff has failed to show that the economic realities make Arrowmark her joint employer.

### III. CONCLUSION

Since Plaintiff has had three chances at stating a claim for joint-employer status for Arrowmark, the Second Amended Complaint is dismissed against Arrowmark with prejudice.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 7/11/2018